## No. 212
## OHIO STATE BANK & TR. Co. v. BILTWELL TIRE CO. et al

Ohio Appeals, 9th Dist., Summit County
No. 772. Decided Jan. 7, 1924

TRUSTS—Conversion by trustee held insufficient to impress trust upon property in hands of receiver of trustee unless trust funds can be traced into specific property or shown to have come from trust estate.

WASHBURN, J.

### Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action in equity by the Ohio State Bank and Trust Co. to impress a trust upon the general assets of a corporation now in the hands of receivers. The defendant Rubber Company borrowed of the plaintiff Bank about $3,000 in 1919, said loan being due in 60 days from date. At the time the loan was made the Rubber Company gave its note and assigned to the bank as collateral security to secure the payment of said note an account amounting to $3,600 owned by defendant against a certain Tire Company and a record of such transfer and assignment duly entered upon the books of the former company. Prior to the appointment of the receivers, but after the assignment, the Rubber Co. collected the account and converted the money so received to its own use and used the same in furtherance of the development of its business. As the Rubber Company then became involved in financial difficulties, receivers were appointed and the real and personal property of the Company turned over to them. They received no funds or money of any kind. The Bank made proof of its $3,000 claim, but claimed no preference, and such claim was allowed by the special master as a general claim against the Rubber Company. Thereafter in 1922 this action was brought in equity to impress a trust. In rendering the decree for defendant, the Court of Appeals held:

1. Where the rights and equities of creditors are involved and it is sought to impress a trust upon property in the possession of a receiver of a trustee, who, in violation of its trust, has indistinguishably mixed trust funds with its own property, it is necessary to be able to trace such trust funds into some existing specific property in the possession of the receiver, with which the trust funds have been mixed; proof of mere conversion by a trustee of trust funds and the use of the same in its manufacturing business, without any proof whatever of how or in what manner said trust funds were used, will not impress a trust for said funds upon the general assets of the trustee in the hands of its receiver.

Attorneys—Mather, Nesbitt & Willkie, for Bank & Trust Co.; Sieber, Sieber & Amer, for The Rubber Co. et al.